### James Stevens *vs.* Benjamin Parker & another.

If, after an answer and a voluntary replication have been filed, the parties are allowed to file a new declaration and answer, upon which the case goes to trial, the plaintiff may controvert facts stated in the second answer, or incorporated into it by reference to the first answer, although they were not denied in the replication.

If a bill of exchange is drawn for the mere purpose of concealing the drawer's funds in the hands of the drawee, and it is agreed that it shall take effect only in case of an attachment of those funds, it does not become a valid contract until the happening of that contingency; and it is immaterial in whose possession it is kept, or whether it has ever been redelivered to the drawer.

This case came up again in the superior court, before *Vose*, J., after the decision reported in 5 Allen, 333. The plaintiff had voluntarily filed a replication, as a part of the original pleadings, in which he did not deny the fact of payment of the order by the defendants to Friend, at the plaintiff's request, before notice to them of the assignment of it by the plaintiff to James M. Stevens. Afterwards the parties were allowed respectively to file a new declaration and answer, which was accordingly done ; and the new answer referred to and adopted, as a part of it, the allegations made in the original answer.

At the trial, the defendants contended that the facts stated in the original answer and not denied by the replication were to be taken as admitted; but the judge declined so to rule. Evidence was thereupon introduced similar to that reported heretofore, and the defendants asked the court to instruct the jury that, if

they should find that this order was drawn by Friend to conceal his property from attachment, and for no other purpose, and the plaintiff knew it, and told the defendants after they had accepted it that he had no interest in it whatever, and that they would deal with and pay to Friend precisely as though they had not accepted it, unless an attachment should be made, and the acceptance was at that time put into the hands of Friend in the presence of the defendants, and they assented so to deal with and pay to Friend, the plaintiff could not recover without showing that such attachment was made. The judge declined so to rule, and instructed the jury that, "if they were satisfied upon the evidence that Friend drew the order, and the defendants accepted it, for the purpose of enabling Friend to cover up his interest in the kiln of brick, and to prevent its being attached by his creditors, and James Stevens received it with a knowledge of such purpose and without any consideration, and if, after it was delivered to Stevens, it was agreed by all the parties to it that the order should be returned to Friend, and that the defendants should pay him precisely as if no such order had been drawn, and the order was so returned to Friend and he retained it, this state of facts would constitute such a revocation and surrender of the order as would discharge the defendants from any further liability under their acceptance."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*I. W. Richardson & T. S. Dame*, for the defendants.

*S. J. Thomas*, for the plaintiff.

BIGELOW, C. J. If this case had stood for trial on the pleadings as they were originally filed, the only issue of fact which would have been open on the new matter in avoidance of the action alleged in the answer would have been that raised by the allegations in the plaintiff's replication. All other averments of additional facts in the answer, not necessary to a denial of the allegations in the declaration, were admitted by the replication. This is the rule explicitly enacted in Gen. Sts. *c.* 129, § 27, as applicable to every stage of the pleadings. The provision is, that " any facts alleged with substantial certainty and precision,

and not denied in clear and precise terms, shall be deemed to be admitted." In the absence of any order of court, the plaintiff was not bound to file a replication; but having voluntarily elected to do so under a previous section of the practice act, (Gen. Sts. *c.* 129, § 23,) he brought himself within the operation of the rule prescribed for the construction of all pleadings upon which a cause is at issue. *Murphy* v. *People's Equitable Ins. Co.*, *ante*, 239. But the case did not stand for trial on these pleadings when it was last submitted to the jury  Subsequently to the first trial of the case, the plaintiff had been allowed to file a new declaration, to which the defendants had been permitted to make a new answer. To this answer there was no replication, and under the provision in § 23 of the practice act the new matter alleged in the answer was to be deemed as denied without further pleadings. The result then was that the cause was at issue on the new declaration and answer, and the plaintiff was not bound by any admissions which might have been implied from his replication to the former answer. The previous pleadings were in effect set aside, and all matters were open which were properly in issue on the new declaration and answer. By a fair construction of the latter, it not only embraces such matters as are distinctly set forth in it, but it also incorporates all the averments in the previous answer as grounds of defence to the action, so that the cause was finally for trial on all the allegations and denials contained in both answers. The court was therefore right in ruling that the plaintiff was not concluded by the admissions to be implied from his replication to the first answer.

But there is another ground of exception which seems to us to be well taken. There was evidence in the case tending to show that the order on which the action was brought was made for a special purpose, and was not to be binding or operative as a contract unless a certain contingency should arise on which it was to take effect, and that this was well known to the plaintiff. If the jury believed this evidence, and found that the contemplated contingency — the attachment of the property of the drawer — had not happened, then the plaintiff could not recover

on the order. The order in such case had never become a valid contract. And it was wholly immaterial on this point whether the drawer retained the order in his possession or not. If the statement of the defendants was believed as to the inception of the order, the drawer had no authority to make it a binding contract by delivering it to the plaintiff, unless the specified contingency had arisen. But the court told the jury, in effect, that the evidence of the defendants, if true, would not constitute a defence to the action, and that the plaintiff might recover on the order, unless the drawer retained it in his possession. This was clearly erroneous. The retention of the order by the drawer was not an essential element in the defence; yet the jury were required to find this fact in order to return a verdict for the defendants. The instructions asked for by the counsel for the defendants embraced every material fact necessary to constitute a valid defence to the action, and they should have been given in substance to the jury. *Exceptions sustained.*